IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,

vs.

JOHN BALLARD,

    Movant.

No. 2:06-cr-0283-JAM

<u>ORDER</u>

        Movant, a federal prisoner proceeding without counsel or "pro se," submitted to the Clerk's Office for filing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. However, as a preliminary matter, movant asks, without further explanation, that the court "seal all court documents referring to my perceived sexual orientation." (Letter dated Aug. 29, 2012.)

        "Documents may be sealed only by written order of the Court, upon the showing required by applicable law." Local Rule 141(a). The court is guided by the following standards in assessing movant's motion:

> Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents. This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies. . . .

1

> Nonetheless, access to judicial records is not absolute. A narrow range of documents is not subject to the right of public access at all because they have traditionally been kept secret for important policy reasons. Case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. Accordingly, those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that compelling reasons support secrecy. This is so because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events. Thus, compelling reasons must be shown to seal judicial records attached to a dispositive motion.

Sierra Pacific Industries v. U.S. Dept. of Agriculture, 2012 WL 245973, *2 (E.D. Cal. 2012) (citations, internal quotations and punctuation omitted).

Review of the docket in movant's underlying prosecution indicates that only one document was sealed, the one-page superseding criminal indictment, set forth on a Form 257. (See Dkt. No. 40 (sealed)). However, the six-page pleading in support of the superseding indictment, filed the same day (September 6, 2007), is not sealed. (See Dkt. No. 39.) Moreover, the action is long-past the investigative stage -- movant's conviction was affirmed by the Ninth Circuit Court of Appeals on August 6, 2010 (Dkt. Nos. 136, 140), and movant's re-sentencing was affirmed by the Court of Appeals on December 21, 2011 (see Dkt. Nos. 147, 154, 155). The docket contains more than one hundred and sixty entries, nearly all of which represent unsealed filings with the court that reference the matters that movant now seeks to seal.

This court finds that movant has failed to allege or demonstrate any compelling reason for sealing movant's motion pursuant to 28 U.S.C. § 2255, or any documents that may be subsequently filed in the instant action. Moreover, it appears that movant's "perceived sexual orientation" may be relevant not only to the merits of his motion, but to the public's right of access to judicial proceedings.

////

| | |
|---|---|
| 1 | For these reasons, movant's request filed September 4, 2012, to selectively seal |
| 2 | documents in this action, is DENIED. The Clerk of Court is directed to enter this ruling, and to |
| 3 | file, in the normal course of business, movant's motion to vacate, set aside, or correct his |
| 4 | sentence pursuant to 28 U.S.C. § 2255. |
| 5 | SO ORDERED. |
| 6 | DATED: September 7, 2012 |

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ball0283.2255.seal.not