IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,

vs.

JOHN BALLARD,

    Movant.

_____/

No. 2:06-cr-00283 JAM KJN P

<u>ORDER</u> and

<u>FINDINGS AND RECOMMENDATIONS</u>

I. <u>Introduction</u>

    Movant is a federal prisoner, proceeding without counsel, with this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 167.) On May 7, 2008, a jury convicted movant on two counts of making false statements to a federal officer, in violation of 18 U.S.C. § 1001(a)(1) ("falsifies, conceals, or covers up by any trick, scheme, or device a material fact"). Movant's sentence was overturned on appeal. On November 30, 2010, after remand from the Ninth Circuit Court of Appeals, movant was re-sentenced to a 60-month term of imprisonment for each conviction, to be served concurrently and with credit for time served, and a 36-month term of supervised release. Movant's re-sentence was affirmed on appeal. Movant thereafter filed the instant motion. For the reasons set forth herein, the undersigned recommends that the motion be denied.

## II. Procedural History

On February 17, 2006, pursuant to a prior conviction for violation of 18 U.S.C. § 1001(a)(2) ("makes any materially false, fictitious, or fraudulent statement or representation"), movant was sentenced to fifteen months incarceration and three years supervised release, with credit for time served. (See Case No. 2:05-cr-0168, ECF No. 38 ("Judgment In A Criminal Case," filed March 3, 2006); see also instant action, ECF No. 170-1, Appendix 2.) On May 26, 2006, movant was released from the Federal Correctional Institution in Kentucky, and transported to Sacramento, California, where he was placed on supervised release. (See Case No. 2:05-cr-0168, ECF No. 140 ("Order re: Findings of Fact and Conclusions of Law on Defendant's Supervised Release Violations," filed December 9, 2008) (hereafter "Dec. 9, 2008 Order re. Facts and Law"); see also instant action, ECF No. 170-1, Appendix 3.)

Less than two weeks later, on June 7, 2006, movant was arrested pursuant to a petition filed by his parole officer, which alleged that movant had violated his supervised release conditions by, inter alia, checking out from the public library a book advocating child sexual molestation; visiting a McDonald's Restaurant that included a children's play area; purchasing a magazine containing pictures of children modeling clothing and swimwear; and failing to record these activities in his daily parole journal. (See Case No. 2:05-cr-0168, ECF Nos. 44-7.)

On July 13, 2006, premised on the same conduct demonstrating a violation of his prior supervised release term, movant was indicted in the instant case. (See Case No. 2:06-cr-0283, ECF No. 1.)[1] A Superseding Indictment was filed on September 6, 2007, charging movant with two counts of conducting a scheme to conceal a material fact, in violation of 18 U.S.C. § 1001(a)(1). (See id., ECF No. 39 ("Superseding Indictment").) Pursuant to trial commenced on May 5, 2008, before District Judge Coughenour, a jury convicted movant on both

---

[1] The instant case was deemed related to Case No. 2:05-cr-0168, as well as to a third, case, Case No. 2:99-cr-0050 (pursuant to which movant pled guilty to three counts of violating 18 U.S.C. § 2423 (travel in interstate commerce for the purpose of engaging in sexual acts with a minor). (See instant case, ECF No. 7; see also Case No. 2:99-cr-0050 (ECF No. 172).)

counts. (Id., ECF No. 84 ("Verdict").)

Sentencing was continued until May 26, 2009, and combined with the petition to revoke movant's supervised release in Case No. 2:05-cr-0168. (ECF Nos. 91-2, 96.) On May 26, 2009, Judge Coughenour imposed sentences in both cases. In Case No. 2:05-cr-0168, Judge Coughenour revoked movant's supervised release and sentenced him to 24 months incarceration; in the instant case, Case No. 2:06-cr-0283, Judge Coughenour imposed two concurrent 60-month terms of incarceration and a 36-month term of supervised release; sentences in both cases were imposed to run concurrently. (See ECF No. 108 ("Sentencing Minutes").)

On August 6, 2010, the Ninth Circuit Court of Appeals affirmed the district court's finding that movant had violated the conditions of his supervised release in Case No. 2:05-cr-0168, and affirmed movant's 24-month sentence thereon. See United States v. Ballard, 391 Fed. Appx. 650, 653 (9th Cir. 2010) (App. Case Nos. 09-10236, 09-10237) (ECF No. 140 herein). The Ninth Circuit also affirmed movant's convictions in the instant case, but vacated the 60-month prison terms thereon, on the ground that the district court had relied on the wrong United States Sentencing Guideline ("U.S.S.G."), specifically, U.S.S.G. § 2J1.2 (offenses involving obstruction of justice), rather than U.S.S.G. § 2B1.1 (offenses involving fraud or deceit). The Ninth Circuit found that, due to this error, movant's "offense level score [was increased] from six to fourteen, which had the effect of raising his Guideline range from a high of twelve months to a high of thirty-three months." Ballard, 391 Fed. Appx. at 652-53; see also U.S.S.G. §§ 2B1.1, 2J1.2. The Ninth Circuit remanded the case to the district court for re-sentencing. Ballard, 391 Fed. Appx. at 653.

A re-sentencing was held before Judge Coughenour on November 30, 2010. The court found that, as of October 14, 2010, movant had completed serving his originally-imposed concurrent 60-month prison terms, and commenced serving his 36-month term of supervised release. Judge Coughenour re-sentenced movant to two 60-month prison terms on Counts One and Two, respectively, to be served concurrently, and to run concurrently with the 24-month

sentence imposed for violation of movant's supervised release in Case No. 2:05-cr-0168. In addition, Judge Coughenour reimposed, in the instant case, the 36-month term of supervised release on Counts One and Two, respectively, to be served concurrently. (See ECF No. 146 ("Amended Judgment In A Criminal Case," filed Dec. 1, 2010).) Judge Coughenour also issued a written order explaining his reasons for sentencing movant to the statutory maximums for each conviction and for supervised release. (See ECF No. 147 ("Re-sentencing Order").) Despite the expiration of his prison term on October 14, 2010, movant remained (and currently remains) in the custody of the Bureau of Prisons, pursuant to a separate action seeking movant's civil commitment as a sexually dangerous person under the Adam Walsh Act, 18 U.S.C. § 4248.[2]

By memorandum decision issued December 21, 2011, and mandate issued January 12, 2012, the Ninth Circuit Court of Appeals affirmed movant's re-sentencing, as imposed on November 30, 2010, by Judge Coughenour on remand. See United States v. Ballard, 462 Fed. Appx. 715 (9th Cir. 2011) (App. Case No. 10-10589). (See ECF Nos. 154-55.) Movant was unsuccessful in challenging the Court of Appeals ruling. See Ballard v. United States, 132 S. Ct. 2443 (May 21, 2012) (denying certiorari); Ballard v. United States, 133 S. Ct. 87 (Aug. 13, 2012) (denying rehearing).

On September 4, 2012, movant filed the instant motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 167.) Respondent timely filed an opposition (ECF No. 170), and movant timely filed his reply (ECF No. 172).

III. Jurisdiction

A habeas petition is not moot under Article III's case-or-controversy requirement if the movant retains "a personal stake in the outcome of the lawsuit." Spencer v. Kemna, 523 U.S. 1, 7 (1998). A Section 2255 movant serving a term of supervised release retains a personal

---

[2] The civil commitment action against movant under the Adam Walsh Act is pending in the United States District Court for the Eastern District of North Carolina (Western Division), in Case No. 5:10-hc-02155-H. Movant is currently incarcerated at the Federal Correctional Institution in Butner, North Carolina.

4

stake in the outcome of a challenge to his sentence because, if he prevails, "he could be re-sentenced to a shorter period of supervised release." United States v. Verdin, 243 F.3d 1174, 1178 (9th Cir. 2001); see also United States v. Lira-Barraza, 941 F.2d 745, 746 n.1 (9th Cir. 1991) (en banc).

In the instant case, movant completed serving his prison term on October 14, 2010, but his term of supervised release does not end until October 14, 2013. Because there is a possibility that movant's term of supervised release may be reduced pursuant to the instant petition, the petition is not moot. Verdin, 243 F.3d at 1178; accord Mujahid v. Daniels, 413 F.3d 991, 995 (9th Cir. 2005). Therefore, this court has jurisdiction over movant's instant challenge.

IV. Standard of Review

A person in custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The permissible grounds for a motion under Section 2255 are "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." Id. Relief under Section 2255 should be granted only where "a fundamental defect . . . inherently results in a complete miscarriage of justice," presenting "exceptional circumstances that justify collateral relief . . . ." Davis v. United States, 417 U.S. 333, 345 (1974), citing Hill v. United States, 368 U.S. 424, 428-29 (1962) (internal citations omitted).

In general, claims that were addressed pursuant to the underlying criminal judgment and any direct appeals are not cognizable in a Section 2255 petition. "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000); see also Olney v. United States, 433 F.2d 161, 162 (9th Cir. 1970) ("[h]aving raised this point unsuccessfully on direct appeal, appellant cannot now

seek to relitigate it as part of a petition under § 2255").

On the other hand, when a defendant failed to raise an alleged error at trial or on direct appeal, he is procedurally barred from raising the issue in a Section 2255 petition if the claim could have been raised earlier, unless the defendant can demonstrate both "cause" for the delay and "prejudice" resulting from the alleged error. "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167-68 (1982). To show "actual prejudice," a Section 2255 petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170. The "cause and prejudice" exception may revive only defaulted constitutional claims; review of nonconstitutional sentencing errors is barred. United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994). "[N]onconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255." Id.

An evidentiary hearing is not required pursuant to a Section 2255 petition if the allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States. v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).

V. <u>Discussion</u>

   A. <u>Statement of Reasons for Sentencing</u>

Movant initially contends that Judge Coughenour, at the November 30, 2010 re-sentencing, failed to comply with the requirement set forth in 18 U.S.C. § 3553(c), that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." Movant asserts that he was thereby denied the opportunity to inform the

6

court of its alleged errors, particularly that Judge Coughenour allegedly "misunderstood the defendant's pre-offense conduct as post-offense conduct," which was "already accounted for in the guidelines," and that the court mischaracterized movant's criminal history. (ECF No. 167 at 4.)

Movant expressly raised this issue on appeal, viz.: "[w]hether the district court committed procedural error when it failed to state in open court any reasons for imposing a sentence five times greater than the high end of the Guidelines." (Appellant's Opening Brief, Case No. 10-10589, ECF No. 5-1 at 8 (emphasis deleted); see also id. at 8-17.) This issue was fully briefed on appeal, pursuant to respondent's response (see id., Brief for Appellee, ECF No. 14 at 27, 33-9), and movant's reply (see id., Appellant's Reply Brief, ECF No. 21 at 9-12).

Moreover, the Ninth Circuit Court of Appeals expressly considered and rejected movant's "open court" claim. On appeal from movant's re-sentencing, the Court of Appeals ruled in pertinent part:

> Ballard contends that the district court failed to comply with 18 U.S.C. § 3553(c), which requires the court to state in open court its reasons for imposing a particular sentence. Because Ballard did not object to the court's statement of reasons at sentencing, this contention is reviewed for plain error. See United States v. Miqbel, 444 F.3d 1173, 1176 (9th Cir. 2006). Ballard has not demonstrated the denial of his substantial rights, given the district court's lengthy explanation for the sentence in its written order. See United States v. Olano, 507 U.S. 725, 732-34 (1993).

United States v. Ballard, supra, 462 Fed. Appx. at 716; accord, U.S. v. Espinoza, 514 F.3d 209 (2d Cir. 2008), cert. denied, 2008 WL 1730186 (U.S. 2008) ("Establishing that a sentencing court failed to fulfil the 'open court' requirement is not . . . tantamount to establishing plain error[,]" provided that the district court relied on the Presentence Report, and the findings in the Report were adequate to support the sentence.); U.S. v. Gilman, 478 F.3d 440, 446-68 (1st Cir. 2007) (district court's subsequent written explanation for sentence demonstrated that court's failure to state these reasons in open court was not prejudicial; no plain error unless the defendant can establish a reasonable probability that, but for the error, the district court would have

imposed a different, more favorable sentence).

Because movant raised his "open court" claim on direct appellate review, it is barred in the instant proceeding. A claim raised and fully litigated on direct appeal may not be pursued in a subsequent Section 2255 petition. Hayes, supra, 231 F.3d at 1139. For the same reason, movant's further arguments -- that Judge Coughenour's later written reasons for his sentencing decision were in error -- are also barred. As discussed below, the Court of Appeals rejected movant's claim that his sentence was "substantively unreasonable" (Appellant's Opening Brief, ECF No. 5-1 at 17-20), expressly finding that movant's sentence was "substantively reasonable," and that movant had "not demonstrated the denial of his substantial rights" (ECF 155 at 3.)

B. Supervised Release Term

Movant next contends that his term of supervised release -- concurrent 36-month terms that commenced on October 14, 2010 -- should be terminated because movant has spent most of this time in civil custody. As earlier noted, movant remains in federal civil custody pursuant to a petition filed July 19, 2010, in the United States District Court for the Eastern District of North Carolina (Western Division), to certify movant as a "Sexually Dangerous Person." Pursuant to Title III of the Adam Walsh Act, 18 U.S.C. §§ 4247-48, the filing of a federal petition to initiate civil commitment proceedings (entitled "Certification of a Sexually Dangerous Person") "automatically stays the individual's release from prison, thereby giving the Government an opportunity to prove its claims at a hearing through psychiatric (or other) evidence." United States v. Comstock, 560 U.S. 126, 130 S. Ct. 1949, 1954 (2010) (citations omitted); see also U.S. v. Turner, 689 F.3d 1117, 1120 (9th Cir. 2012). Thus, the Act authorizes federal authorities "to detain a mentally ill, sexually dangerous federal prisoner beyond the date the prisoner would otherwise be released." Comstock, 130 S. Ct. at 1954.

Review of the docket in movant's civil proceeding indicates that the action may continue for several more months. The Section 4248 hearing was conducted on February 11,

2013, but the matter remains submitted for decision. (See Case No. 5:10-hc-02155-H; ECF No. 108.) The motion of movant's prior counsel to withdraw was recently granted (Id., ECF No. 114), with newly appointed counsel appearing on March 18, 2013 (Id., ECF No. 115). The case was recently assigned to a new district judge (Id., ECF No. 117), with a motion to disqualify the magistrate judge still pending (Id., ECF No. 113). It is likely that resolution of these matters will extend past the expiration of movant's supervised release term in the instant case.

Because movant's civil detention under the Adam Walsh Act commenced prior to his re-sentencing in the instant case, it is reasonable to conclude that movant had the opportunity to make this challenge to his term of supervised release both at his sentencing hearing and on direct appeal. The petition to certify movant as a sexually dangerous person was filed on July 19, 2010, three months before the November 30, 2010 re-sentencing hearing. Movant could reasonably have concluded that the remaining portion of his supervised release, which commenced on October 14, 2010, would be spent in custody pending the conclusion of his civil proceedings. So construed, movant had the opportunity to raise this claim at sentencing and on direct appeal, thus rendering the claim, asserted for the first time in the instant proceeding, procedurally defaulted, and therefore cognizable only if movant can show cause for failing to earlier raise it, and demonstrate that the resulting error is of constitutional dimension. Frady, 456 U.S. at 167-68.

On the other hand, if movant reasonably believed that the civil commitment proceedings would conclude quickly and in his favor, and thus reasonably anticipated that he would soon be discharged to his supervised release term in the instant case, then movant would not need to overcome the hurdle of procedural default. Rather, movant would only need to demonstrate that the alleged error of law was a "a fundamental defect which inherently result[ed] in a complete miscarriage of justice, and . . . present(s) exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Davis, supra, 417 U.S. at 346 (citations and internal quotation marks omitted).

Under either standard, this claim fails. The Ninth Circuit Court of Appeals recently held that a term of supervised release pursuant to a criminal conviction is not tolled during the individual's detention pending civil commitment proceedings under the Adam Walsh Act. Turner, 689 F.3d at 1121-26. Thus, movant's challenged supervised release term, which commenced on October 13, 2010, has not been tolled during his civil detention. Therefore, movant's claim that his period of civil detention should be credited against his supervised release term is both unsupported, and subsumed, by the Turner holding. Moreover, because only five months remain on movant's supervised release term, and this time will likely expire before resolution of the civil proceedings, it is clear that this term has had a negligible impact on movant's custodial status. Because movant's continued custody has been premised on his civil commitment proceedings, not the underlying convictions and sentence in the instant case, movant is unable to demonstrate that there has been any "fundamental defect" in the instant action resulting in "a complete miscarriage of justice," or that other "exceptional circumstances . . . justify collateral relief." Davis, 417 U.S. at 345.

For these reasons, movant has failed to show that a constitutional violation or other miscarriage of justice justifies modification of his supervised release term.[3]

C. Sixth Amendment Rights

Next, movant claims that the district court violated his Sixth Amendment right to a jury trial by allegedly relying "on false information at sentencing which was not found to be true beyond a reasonable doubt." (ECF No. 167 at 7.) In support of his arguments, movant submitted "Exhibit B" to his reply, which sets forth the September 2011 findings of movant's

---

[3] The result is the same even if the court were to examine movant's contention pursuant to 18 U.S.C. § 3583, which authorizes the modification or revocation of a term of supervised release if "such action is [independently] warranted by the conduct of the defendant . . . and the interest of justice." 18 U.S.C. § 3583(e)(1). Movant has failed to assert or demonstrate that his own conduct warrants any modification of his term of supervised release. United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (burden on movant to demonstrate entitlement to modification of supervised release).

10

psychological expert.  The court first addresses movant's request that this psychological evaluation be filed under seal.

                1.  <u>Movant's Sealing Request</u>

Movant requests that "Exhibit B" to his reply be sealed "because of [it's] confidential nature," and submitted a copy of the exhibit to chambers.  (Letter dated Nov. 23, 2012.)  Movant also served a copy of his request and Exhibit B on respondent.  Movant's reply and remaining Exhibits A, and C-F, are set forth in Docket No. 172.

Exhibit B sets forth the September 15, 2011 independent psychological evaluation of movant, by Dr. J. Plaud, Ph.D.  Movant relies on Exhibit B in support of his third claim herein, the alleged violation of his Sixth Amendment rights.  (<u>See</u> Reply, ECF No. 172 at 14.)  Movant asserts that Exhibit B "contradicts much of what Judge Coughenour believed to be true," and demonstrates that "[t]here is absolutely no evidence that Mr. Ballard is a risk to the public." (<u>Id.</u>)  Thus, movant seeks, through the submission of Dr. Plaud's September 2011 report, to challenge Judge Coughenour's November 2010 assessment that movant posed a risk to the public.

On November 10, 2012, the court rejected movant's prior request to "seal all court documents referring to my perceived sexual orientation." (Letter dated Aug. 29, 2012.)  (<u>See</u> ECF No. 165.)  Citing Local Rule 141(a) ("[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law"), the court identified the following considerations (<u>id.</u> at 1-2):

> Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents.  This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies. . . . Nonetheless, access to judicial records is not absolute. . . . strong presumption in favor of access is the starting point. [T]hose who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that compelling reasons support secrecy.  This is so because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the

>           public's understanding of the judicial process and of significant
>           public events. Thus, compelling reasons must be shown to seal
>           judicial records attached to a dispositive motion.

Sierra Pacific Industries v. U.S. Dept. of Agriculture, 2012 WL 245973, *2 (E.D. Cal. 2012) (citations, internal quotations and punctuation omitted).

Applying these standards to movant's prior request, the court denied the motion for the following reasons (ECF No. 165 at 2-3):

>           Review of the docket in movant's underlying prosecution indicates
>           that only one document was sealed, the one-page superseding
>           criminal indictment, set forth on a Form 257. (See ECF No. 40
>           (sealed)). However, the six-page pleading in support of the
>           superseding indictment, filed the same day (September 6, 2007), is
>           not sealed. (See ECF No. 39.) Moreover, the action is long-past
>           the investigative stage -- movant's conviction was affirmed by the
>           Ninth Circuit Court of Appeals on August 6, 2010 (ECF Nos. 136,
>           140), and movant's re-sentencing was affirmed by the Court of
>           Appeals on December 21, 2011 (see ECF Nos. 147, 154, 155).
>           The docket contains more than one hundred and sixty entries,
>           nearly all of which represent unsealed filings with the court that
>           reference the matters that movant now seeks to seal.
>
>           This court finds that movant has failed to allege or demonstrate any
>           compelling reason for sealing movant's motion pursuant to 28
>           U.S.C. § 2255, or any documents that may be subsequently filed in
>           the instant action. Moreover, it appears that movant's "perceived
>           sexual orientation" may be relevant not only to the merits of his
>           motion, but to the public's right of access to judicial proceedings.

For these reasons, the court directed the Clerk of Court to file, in the normal course of business, movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

In contrast, the court finds that Dr. Plaud's September 2011 report is of limited relevance to movant's challenge to Judge Coughenour's November 2010 findings, which were issued nearly one year before. Moreover, Dr. Plaud's report is substantively distinguishable from other filings in this case. The report sets forth details of movant's childhood, and his psycho-social and sexual history, matters that are traditionally kept confidential. While similar reports may have been admitted at movant's sentencing and re-sentencing hearings, they are not

accessible through the court's electronic filing system. See Cal Penal Code § 1203.05; United States Dep't of Justice v. Julian, 486 U.S. 1, 12 (1988) (presentence reports are confidential under both California and federal law). Furthermore, the personal information contained in Dr. Plaud's report is far more detailed than the information contained in movant's motion to vacate, thus supporting a different handling of plaintiff's sealing requests. These compelling reasons support maintaining the confidentiality of movant's Exhibit B and, thus, support granting movant's motion to seal.

For these reasons, movant's request to seal Exhibit B to his reply (as set forth in movant's November 23, 2012 letter, routed to chambers on November 29, 2013) is granted.[4]

### 2. Merits of Movant's Sixth Amendment Claim

Movant claims that his Sixth Amendment right to a jury trial was violated by the district court's reliance, at sentencing, on "false information . . . which was not found to be true beyond a reasonable doubt." (ECF No. 167 at 7.) Movant challenges the information relied upon by Judge Coughenour to conclude that movant posed a risk to the public.[5]

---

[4] Given the limited relevance of Dr. Plaud's report to movant's challenges to his re-sentence issued nearly one year before, the court considered whether to simply return the report to movant, without filing it under seal. However, the return of the report would create opportunities for staff and others to review the material before its return to movant, while a sealing order precludes access to the report by all individuals other than court-authorized personnel. This disparity in the potential circulation of the report tipped the scale in favor of sealing.

[5] Judge Coughenour reasoned in pertinent part:

Under 18 U.S.C. § 3553, this Court is required to consider a variety of factors when imposing a sentence. These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," id. § 3553(a)(1), and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." Id. § 3553(a)(2)(C). This Court is authorized to impose a sentence higher than the guideline range whenever there exist aggravating circumstances not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. Id. § 3553(b)(1).

An upward variance is required in this case. As Chief Judge Levi stated at a hearing held on December 211, 2003, Defendant is an "unreconstructed pedophile" who is "a danger to the community." Defendant's first arrest for sex

13

However, as respondent notes, the correct burden of proof for factual findings in support of sentencing within a defined range is not "beyond a reasonable doubt," but a "preponderance of the evidence." See United States v. Garcia, 522 F.3d 855, 860 (9th Cir. 2008); United States v. Kilby, 443 F.3d 1135, 1140 (9th Cir. 2006).[6] The "defined range" in the

> crimes involving children occurred when he was twenty-three years old, and his criminal history since that initial arrest demonstrates that he is unwilling or unable to change. Since the 1985 arrest, he has been twice arrested for attempting to arrange sexual encounters with children. After one such arrest, law-enforcement agents uncovered computerized child pornography images. He was also arrested once for attempting to have sex with a twelve-year-old girl whom he knew was attending junior high school. After he was released from prison in July 2003, he turned immediately to forbidden computer images.
>
> The documents which Defendant maintained at the transitional living center are troubling in the extreme: They demonstrate that he is attempting to maintain contact with a network of pedophiles and that he ruminates on job opportunities which present the chance to molest children. This is especially troubling given the fact that Defendant first came to the attention of law-enforcement authorities for his behavior while working as a substitute teacher at a junior high school. The letter which Defendant sent to a fellow convicted sexual molester of children is equally troubling. Defendant discusses his predilection for young girls as it if were typical sexual desire, and evinces neither shame nor a desire to abandon his desires.
>
> Defendant's long history of child abuse, combined with indicia of continued attempts to abuse children, demonstrate that Chief Judge Levi was correct when he concluded that Defendant is unable "to conform himself to the basis dictates of the law and human decency." Because Defendant is unwilling or unable to modify his behavior, he presents a danger to the community's children. An upward variance is therefore justified by Defendants' "history and characteristics," and is necessary in order [] "to protect the public from further crimes of the defendant." See 18 U.S.C. § 3553. The Court therefore imposes a prison term of five years fo each count, to be served concurrently . . . .

[6] Movant relied on Supreme Court precedent establishing that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." U.S. v. Booker, 543 U.S. 220, 244 (2005) (citing Apprendi v. New Jersey, 530 U.S. 466 (2000)). However, the Supreme Court clarified that, "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Booker, 543 U.S. at 233. As the Supreme Court recently emphasized:

> Our post-Booker opinions make clear that, although a sentencing court must "give respectful consideration to the Guidelines, Booker permits the court to tailor the sentence in light of other statutory concerns as well." Kimbrough v. United

instant case is the 5-year statutory maximum sentence authorized by 18 U.S.C. § 1001(a), for which movant was convicted. Nevertheless, movant responds that this claim has merit even under a preponderance of evidence standard. (ECF No. 172 at 10.)

Significantly, movant raised this claim on appeal, and the matter was fully briefed by the parties. (See Appellant's Opening Brief, Case No. 10-10589, ECF No. 5-1 at 17-20; Brief for Appellee, ECF No. 14 at 40-1; Appellant's Reply Brief, ECF No. 21 at 9-12). The Court of Appeals rejected the claim, ruling in pertinent part:

> Ballard also contends that his statutory maximum sentence is substantively unreasonable. The sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, in particular the need to protect the public. See United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

United States v. Ballard, supra, 462 Fed. Appx. at 716.

A claim that was raised and fully litigated on direct appeal may not be pursued in a subsequent Section 2255 petition. Hayes, supra, 231 F.3d at 1139. Accordingly, this claim is barred in the instant action. Moreover, Judge Coughenour's factual findings in support of imposing the five-year maximum sentence authorized by 18 U.S.C. § 1001(a) (see n.5, supra), appear from the record to be clearly supported by a preponderance of the evidence, thus

---

States, 552 U.S. 85, 101 (2007) (internal quotation marks and citation omitted). Accordingly, although the "Guidelines should be the starting point and the initial benchmark," district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for "reasonableness." Gall [v. United States, 552 U.S. [38] at 49-51 [(2007)]. This sentencing framework applies both at a defendant's initial sentencing and at any subsequent re-sentencing after a sentence has been set aside on appeal. See 18 U.S.C. § 3742(g) ("A district court to which a case is remanded ... shall re-sentence a defendant in accordance with section 3553"); see also Dillon v. United States, 560 U.S. ——, ——, 130 S. Ct. 2683, 2692 (2010) (distinguishing between "sentence-modification proceedings" under 18 U.S.C. § 3582(c)(2), which "do not implicate the interests identified in Booker," and "plenary re-sentencing proceedings," which do).

Pepper v. United States, 131 S. Ct. 1229, 1241 (2011).

warranting a sentence outside the guideline range.

      D.  Reliance on Movant's Perceived Sexual Orientation

Movant contends that it was "plain error" for Judge Coughenour "to concentrate on the defendant's perceived sexual orientation at sentencing." (ECF No. 167 at 8.) Movant explains that "[t]his was a simple case of concealing information from the government. [Movant's] perceived sexual orientation was not the cause of the offense. There was no scientific or clinical basis for the Court to concentrate [on], or even mention, the defendant's sexual orientation -- true or not." (Id.) In his reply, movant further explains that Judge Coughenour should have sentenced movant based on his "character and deeds alone," and that, while movant discussed having sex with a minor, he "never had sex with a child when he was an adult." (Id. at 15-6 (emphasis deleted).) Movant further asserts that, even "[a]ssuming, arguendo, that it is true Mr. Ballard is a pedophile, . . . [t]here is absolutely no scientific or clinical basis to conclude that a pedophile has a general lack of power to control his/her sexual impulses." (Id. at 16.) Rather, asserts movant, "[n]o evidence has been put forth to conclusively say Mr. Ballard is a pedophile or that being a pedophile cannot control his sexual impulses." (Id. at 17.)

Movant is again challenging the district judge's reasons for imposing a sentence reflecting the maximum statutory term. As previously noted, this claim was raised and litigated on direct appeal, and rejected by the Court of Appeals on the ground that movant's "statutory maximum sentence . . . is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, in particular the need to protect the public." United States v. Ballard, supra, 462 Fed. Appx. at 716 (citing Carty, 520 F.3d at 993.)

Like the previous claim, the instant claim was fully litigated on direct appeal and, therefore, may not be pursued in a Section 2255 petition. Hayes, supra, 231 F.3d at 1139. Accordingly, this claim is barred in the instant action.

////

## VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Movant's November 29, 2012 request to seal Exhibit B (as set forth in movant's reply (ECF No. 172)), is granted. The Clerk of Court is directed to file a copy of movant's one-page letter dated November 23, 2012, and to file under seal "Exhibit B" attached thereto.

In addition, IT IS HEREBY RECOMMENDED that:

1. Movant's September 4, 2012 motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 167), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 17, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ball0283.2255.